871 P.2d 814

**Allen J. HOLZHEIMER,
Plaintiff–Appellant,**

v.

**Erling JOHANNESEN doing business as Johannesen Farms, Defendant–Respondent.**

No. 20205.

Supreme Court of Idaho.

March 16, 1994.

Ellis, Brown & Sheils, Chtd., Boise, for appellant. Allen B. Ellis argued.

Saetrum & Day, Boise, for respondent. David E. Day argued.

TROUT, Justice.

## BACKGROUND

The parties to this appeal are both fruit orchard owners in Emmett, Idaho. This appeal arises from a suit filed by Holzheimer for personal injuries he suffered after he fell from a stack of boxes in Johannesen's warehouse. Holzheimer contends that he was injured in the warehouse while retrieving fruit packing boxes which he was purchasing from Johannesen. He maintains that he was a business invitee entitled to a higher standard of care than a licensee.

## FACTS

On July 2, 1990, Holzheimer went to Johannesen's fruit farm to purchase or borrow "L.A. lug" (lid attached) fruit packing boxes. Testimony at trial demonstrated that the farmers in the Emmett area routinely sold at cost or loaned packing boxes to each other, as needed, as a favor to one another. Four days prior to the accident, William McConnell, the foreman at Johannesen's fruit farm, took Holzheimer into the warehouse and pointed out where the boxes were stored. He showed Holzheimer how he could retrieve them in the future by himself. McConnell informed Holzheimer that if he needed additional boxes in the future he could retrieve them on his own.

On the day of the accident, July 4, 1990, Holzheimer entered the Johannesen warehouse to obtain more boxes. The pallets of boxes were arranged in rows with gaps between the stacks of pallets. In addition, some of the boxes were "chimney stacked" on the pallets in such a way that there was an eight to ten inch hole in the center of the pallets. There was also an inventory area left open in the middle of the rows in the warehouse. In order to retrieve the boxes, Holzheimer apparently climbed on top of the pallets and in the process fell into the center of them, suffering head and shoulders injuries.

Holzheimer filed a complaint for personal injuries. Johannesen answered and asserted that Holzheimer was a licensee when he entered the warehouse and was only entitled to a lower standard of care. Johannesen filed a summary judgment motion asking the court to rule, as a matter of law, that Holzheimer was a licensee and that Johannesen did not violate the standard of care owed to a licensee. The court denied the motion and ruled that Holzheimer's status while in the warehouse was a question of fact for the jury.

At trial, Holzheimer attempted to introduce into evidence invoices of past sales of fruit and boxes between himself and Johannesen, to which Johannesen objected. The court sustained the objection and excluded evidence of past fruit sales, but allowed the invoices to be modified so that they still showed past box sales, in order to establish a past business relationship between the parties regarding fruit boxes.

After the evidence was presented at trial Johannesen moved for a directed verdict, asking the court to rule as a matter of law that Johannesen had not breached his duty owed to Holzheimer as a licensee. The court denied the motion. The court instructed the jury that there was a question of fact as to whether Holzheimer was an invitee or licensee and then gave the jury an instruction defining both and setting forth the appropriate standards of care. Holzheimer objected to the jury instruction regarding licensee status on the ground that it was not supported by the evidence. The jury found for Johannesen, although there is nothing in the verdict form from which it can be determined on which definition they relied.

On appeal, Holzheimer asserts that he was an invitee as a matter of law and that the jury should not have been instructed on licensee status or the standard of care owed to a licensee. In addition, he asserts that the district court committed reversible error by excluding as irrelevant evidence of past fruit sales contained in the invoices.

## I.

## THERE WAS SUFFICIENT EVIDENCE ADDUCED AT TRIAL FOR THE JURY TO DETERMINE THAT HOLZHEIMER WAS EITHER AN INVITEE OR A LICENSEE

Holzheimer argues that any visitor on another's property for a business purpose is an invitee as a matter of law. He argues that he was an invitee because he was visiting the Johannesen fruit farm for the purpose of acquiring boxes, which is a business purpose connected with the Johannesen's fruit farm business, and that his visit to the Johannesen farm rendered a benefit to Johannesen.

▉▉▉ Idaho courts have maintained that the duty of owners and possessors of land is determined by the status of the person injured on the land (*i.e.*, whether the person is a invitee, licensee or trespasser). *E.g., Rehwalt v. American Falls Reservoir, Dist. No. 2*, 97 Idaho 634, 636, 550 P.2d 137, 139 (1976).

An invitee is one who enters upon the premises of another for a purpose connected with the business conducted on the land, or where it can reasonably be said that the visit may confer a business, commercial, monetary or other tangible benefit to the landowner. *Wilson v. Bogert,* 81 Idaho 535, 347 P.2d 341 (1959). A landowner owes an invitee the duty to keep the premises in a reasonably safe condition, or to warn of hidden or concealed dangers. *Bates v. Eastern Idaho Regional Medical Center,* 114 Idaho 252, 253, 755 P.2d 1290, 1291 (1988). A licensee is a visitor who goes upon the premises of another with the consent of the landowner in pursuit of the visitor's purpose. *See Pincock v. McCoy,* 48 Idaho 227, 281 P. 371 (1929); *Evans v. Park,* 112 Idaho 400, 732 P.2d 369 (Ct.App.1987). Likewise, a social guest is also a licensee. *Wilson,* 81 Idaho at 545, 347 P.2d at 347. The duty owed to a licensee is narrow. A landowner is only required to share with the licensee knowledge of dangerous conditions or activities on the land. *Evans,* 112 Idaho at 401, 732 P.2d at 370. Additionally, this Court has held that "[t]he fact that a guest may be rendering a minor, incidental service to the host does not change the relationship [between them as a landowner and a licensee]." *Wilson,* 81 Idaho at 545, 347 P.2d at 851; *see also Mooney v. Robinson,* 93 Idaho 676, 471 P.2d 63 (1970).

 Holzheimer's argument that he was an invitee simply because he was purchasing or borrowing fruit boxes, which is arguably connected with the Johannesen fruit farm business, is not conclusive as to his status on the property. The standard of review of whether a jury instruction should or should not have been given, is whether there is evidence at trial to support the instruction. *Watson v. Navistar International Transp. Corp.,* 121 Idaho 643, 666, 827 P.2d 656, 679 (1992). There is no question that the district court was correct in instructing the jury as to invitee status. The only question is whether the jury should also have been instructed on the definition of and standard of care owed to a licensee. We agree with the district court's decision to instruct the jury on both licensees and invitees.

Evidence was adduced at trial that was sufficient to warrant the district court instructing the jury on licensee status and the standard of care owed to a licensee. Both Johannesen and Holzheimer, as well as two other witnesses engaged in the fruit business, testified that loaning or selling boxes at cost to neighboring fruit farmers in the Emmett area was customary. The farmers loaned boxes to one another in the spirit of cooperation, and in hopes that favors would be returned when needed. Johannesen testified that he expected Holzheimer to either purchase the boxes at cost or replace them. Johannesen testified that he made no profit on the sale of boxes and in fact the sale may have cost him money once the cost of labor unloading the boxes and breaking up a pallet of boxes was included. The testimony reflected that this was in actuality more of a benefit to Holzheimer since he would have either had to buy an entire pallet, which he didn't need, or pay more than Johannesen's cost to buy a partial pallet. Arguably there was a business transaction between Johannesen and Holzheimer. Equally supportable is the assertion that the transaction between Johannesen and Holzheimer was the minimal type of service between a landowner and visitor referred to in *Wilson,* which does not alter their relationship as landowner and licensee.

There was sufficient evidence adduced at trial from which the jury could reasonably conclude that Holzheimer was a licensee. Thus we find no error in the court's decision to instruct the jury both as to the status of licensee and invitee.

## II.

## THE DISTRICT COURT'S DECISION TO EXCLUDE EVIDENCE OF PRIOR SALES OF FRUIT WAS HARMLESS ERROR

The district court excluded invoices of past sales of fruit between the parties as evidence of their past sales relationship, ruling that the evidence was not relevant because it did not tend to show the relationship between the parties on the day of the accident. The court did, however, permit the sales invoices

to be admitted (with information about past fruit sales stricken from them) to show an ongoing relationship between the parties involving the sales of fruit boxes. Holzheimer asserts that the district court committed reversible error by excluding the portions of the invoices dealing with past sales of fruit.

This Court reviews issues of relevancy *de novo*. *Lubcke v. Boise City/Ada County Hous. Auth.*, 124 Idaho 450, 860 P.2d 653 (1993). However, there is no need to determine in this instance if the evidence was relevant, as other evidence of sales of fruit was introduced at trial. Thus the sales invoices would simply have been cumulative as to fruit sales. Even if the evidence may have been erroneously excluded, the exclusion is a harmless error if the evidence is merely cumulative. *Runcorn v. Shearer Lumber Prods., Inc.*, 107 Idaho 389, 397, 690 P.2d 324, 332 (1984). Holzheimer testified at trial that in past years he had purchased fruit and some boxes from Johannesen. Later, Holzheimer's wife testified that she and her husband had been at the Johannesen fruit farm about one month after the accident in question to purchase peaches. Johannesen also confirmed that the Holzheimers had been out in August after the accident to talk about purchasing peaches or loading some peaches to be sold elsewhere. The district court's exclusion of evidence of past fruit sales from the invoice was harmless error.

## CONCLUSION

Based upon the evidence introduced at trial we hold that the district court was correct in instructing the jury on Holzheimer's status both as an invitee and as a licensee. Further, the district court's exclusion of portions of the invoices relating to past fruit sales, was harmless error. The decision of the district court is affirmed. Respondent is awarded costs on appeal. No attorney fees on appeal.

McDEVITT, C.J., and BISTLINE, JOHNSON and SILAK, JJ. concur.