## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 34614

KAY CHAPMAN, an individual, )
)
    Plaintiff-Appellant, )
)
v. )
)
VONDEL and BECKY CHAPMAN, husband )
and wife, )
)
    Defendants-Respondents. )

Boise, May 2009 Term

2009 Opinion No. 104

Filed: August 21, 2009

Stephen Kenyon, Clerk

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Honorable Darren B. Simpson, District Judge.

The decision of the district court is affirmed.

Anderson Nelson Hall Smith, Idaho Falls, for appellant. Marvin M. Smith argued.

Thomsen Stephens Law Offices, Idaho Falls, for respondents. Alan Stephens argued.

_____

HORTON, Justice

This appeal arises from a jury verdict in a premises liability case in favor of Respondents Vondel and Becky Chapman. Kay Chapman (Kay) appeals, asserting that the district court erred by excluding testimony from her expert witness and refusing to give some of Kay's requested jury instructions. Kay also asserts that the jury's verdict is not supported by the evidence presented at trial. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The material facts of this case are not in dispute. On March 19, 2005, Kay visited Respondents' home as a guest at a surprise birthday party. After indicating her need to use the bathroom, Kay went into a bathroom as directed by Becky. After using the toilet, Kay slipped on a rug as she began to stand and attempted to extricate the heel of her high-heeled shoe from the hem of her pants. She fell into a recessed shower in front of the toilet. The lip of the shower recess was located approximately two feet from the front of the toilet and approximately eight inches from Kay's feet when she was seated. There was no barrier between the toilet and the

1

shower.  Respondents did not warn Kay about the bathroom nor did they inform her that there was a new rug in front of the toilet.  Kay was injured in the fall.  She underwent shoulder surgery and was unable to work for a period of nine to eleven weeks thereafter.  Kay incurred $21,425.93 in medical expenses as a result of the fall.

Prior to trial, the district court granted Respondents' motion in limine limiting the testimony of Kay's expert, Matthew Mecham, a forensic engineer with experience in accident reconstruction and biomechanics.  The district court permitted Mecham to testify as to his measurements of the bathroom and admitted photographs that Mecham took of the bathroom.  The district court also permitted Mecham to testify about the absence of adequate backing on the rug and floor conditions that increased "the potential risk or likelihood of a slip or trip and fall" and to opine that the rug contributed to the fall.  Mecham also testified as to the connection between Kay's injuries and her fall into the shower.  However, the district court did not permit Mecham to present his opinion that the bathroom constituted a dangerous or hazardous condition, finding that the opinion would not aid the trier of fact and that the probative value of the testimony was outweighed by its prejudicial effect.  During the trial, outside the presence of the jury, the district court permitted Kay's counsel to make a record of Mecham's excluded testimony by way of an offer of proof, during which Mecham testified that the bathroom constituted a dangerous or hazardous condition.

Following the presentation of evidence, counsel met with the district judge in chambers to discuss post-proof jury instructions.  During the jury instruction conference conducted on the record, Kay objected to the district court's jury Instruction 21, relating to proximate cause, making the cryptic comment that it did not go "far enough and going to the far side where we'd have the affirmative instruction that even though it was likely it would not have occurred."  Kay also objected to the district court's refusal to provide an instruction based upon IDJI 3.17.  The jury returned a verdict in favor of Respondents.  Following entry of a judgment consistent with the jury's verdict,  Kay timely appealed.

## II. STANDARD OF REVIEW

This Court reviews a trial court's determination regarding the admissibility of expert testimony for abuse of discretion.  *Weeks v. E. Idaho Health Serv.*, 143 Idaho 834, 837, 153 P.3d 1180, 1183 (2007) (citing *Athay v. Stacey*, 142 Idaho 360, 366, 128 P.3d 897, 903 (2005)).  This Court exercises free review in determining the correctness of a trial court's jury instructions.

2

*Vanderford Co., Inc. v. Knudson*, 144 Idaho 547, 552, 165 P.3d 261, 266 (2007) (citing *Craig Johnson Constr., L.L.C. v. Floyd Town Architects, P.A.*, 142 Idaho 797, 800, 134 P.3d 648, 651 (2006)). Jury instructions, as a whole, must fairly and adequately present the issues and state the law. *Bailey v. Sanford*, 139 Idaho 744, 753, 86 P.3d 458, 467 (2004) (citing *Silver Creek Computers, Inc. v. Petra, Inc.*, 136 Idaho 879, 882, 42 P.3d 672, 675 (2002)). "When the instructions, taken as a whole, do not mislead or prejudice a party, even an erroneous instruction does not constitute reversible error." *Id*. We will uphold a jury verdict if there is evidence of sufficient quantity and probative value that a reasonable mind could reach a similar conclusion to that of the jury. *Vanderford Co.,* 144 Idaho at 552, 165 P.3d at 266 (citing *Horner v. Sani-Top, Inc.,* 143 Idaho 230, 233, 141 P.3d 1099, 1102 (2006)).

### III. ANALYSIS

Kay asks us to reverse the jury verdict and remand for a new trial, asserting: (1) the district court abused its discretion when it excluded testimony of her expert witness; (2) the district court erred when it declined to instruct the jury with her requested jury instructions numbered 14, 15, 18, 20, and 24; and (3) the jury verdict was not supported by substantial and competent evidence. We conclude that the district court did not abuse its discretion when it determined that the excluded testimony would not assist the trier of fact, that Kay failed to preserve her claim of error as to certain jury instructions and that the jury instructions given by the district court accurately stated the law, and the jury verdict was supported by substantial and competent evidence. We therefore affirm.

**A. The district court did not abuse its discretion when it excluded Mecham's opinion that the bathroom presented a dangerous or hazardous condition.**

Kay argues that the district court abused its discretion when it excluded Mecham's opinion that the bathroom presented a dangerous or hazardous condition. Kay further argues that four instructions given to the jury reference the terms "unreasonable risk of harm," "dangerous or defective condition," or "dangerous or existing hazard," and that the district court abused its discretion when it excluded Mecham's opinion testimony using these terms.

The admissibility of expert testimony is a matter committed to the discretion of the trial court, and we will not overturn the court's ruling absent an abuse of that discretion. *Athay*, 142 Idaho at 366, 128 P.3d at 903 (citing *Swallow v. Emergency Med. of Idaho, P.A.*, 138 Idaho 589, 592, 67 P.3d 68, 71 (2003)). When reviewing a claimed abuse of discretion, our sequence of

3

inquiry is: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Id.*

Idaho Rule of Evidence 702 governs the admissibility of expert testimony and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

An expert's opinion is not inadmissible because it embraces an ultimate issue to be decided by the trier of fact. I.R.E. 704. In order to be admissible under I.R.E. 702, the expert's testimony must assist the trier of fact to understand the evidence or to determine a fact that is in issue. *Swallow,* 138 Idaho at 592, 67 P.3d at 71. Expert testimony that concerns conclusions or opinions that the average juror is qualified to draw from the facts utilizing the juror's common sense and normal experience is inadmissible. *Jones v. Crawforth*, 147 Idaho 11, 17, 205 P.3d 660, 666 (2009); *Athay*, 142 Idaho at 367, 128 P.3d at 904 (citing *Rockefeller v. Grabow*, 136 Idaho 637, 647, 39 P.3d 577, 587 (2001)).

The district court issued a memorandum opinion and order partially granting Respondents' motion in limine. In that opinion, the district court expressly recognized that the decision was committed to its discretion. The decision to exclude the testimony was within the outer boundaries of the district court's discretion. The district court cited applicable decisions from the appellate courts of this state and applied the applicable legal standards derived from those decisions. The district court expressly recognized that a witness may be qualified as an expert by virtue of "knowledge, skill, experience, training or education" that is "beyond the competence of the average layman or juror." The district court observed that it was required to consider Mecham's qualifications, determine whether the proffered testimony would assist the jury, and determine whether Mecham's opinion was based upon facts of the type that other experts in the field would reasonably rely.

The memorandum opinion demonstrates that the district court reached its decision by an exercise of reason. The district court first determined that Mecham would be permitted to testify regarding his measurements of the bathroom, the photographs he took of the bathroom, and his examination of the rug, its backing, and the flooring conditions and their effect upon the rug.

4

The district court reasoned that Mecham's photographs depicted "the odd bathroom design" and the recessed shower's proximity to the toilet. The court concluded that the determination whether the bathroom presented a hazard or danger was "within the competence of the average layman or juror" and therefore, Mecham's proffered opinion would not assist the trier of fact. As an opinion that the average juror is qualified to draw from the facts utilizing the juror's common sense and normal experience is inadmissible, we conclude that the district court did not abuse its discretion by excluding Mecham's testimony.

Kay also argues that the district court should have permitted Mecham to testify that the bathroom constituted a dangerous or hazardous condition because defense counsel asserted in his closing argument that Mecham's testimony was unreliable because he did not conclude that the bathroom presented a dangerous or hazardous condition. We are not persuaded by this argument. We first note that district judges are not expected to be prescient; a judge cannot be expected to anticipate a closing argument when making a ruling during the presentation of evidence. Further, while defense counsel did state in his closing argument that "Mr. Mecham didn't say it was a dangerous bathroom," Kay did not object to this statement at the time of trial. Although it may have been improper for defense counsel to impugn Mecham's testimony during closing arguments by commenting on evidence that Mecham was precluded from presenting by obedience to the ruling, it was incumbent upon Kay to object at the time of trial. *See Gillingham Constr., Inc. v. Newby-Wiggins Constr., Inc.*, 142 Idaho 15, 24-25 121 P.3d 946, 955-56 (2005) (holding that it was improper for the trial court to grant a new trial based on inaccurate statements made by opposing counsel during closing statements that were not objected to at the time of trial). Kay has not identified defense counsel's argument as an issue on appeal that warrants a new trial. Rather, this argument is advanced to buttress her claim that the district court erred by excluding the proffered testimony. As previously discussed, we find no abuse of discretion in this decision. Accordingly, we conclude that the exclusion of Mecham's opinion was not error.

**B. The district court did not err when it declined to instruct the jury with Kay's requested instructions numbered 18, 20, and 24.**

Kay's second assignment of error is the district court's refusal to provide the jury with her requested instructions numbered 18, 20, and 24. During the jury instruction conference conducted on the record, counsel for Kay objected to the absence of IDJI 3.17 from the jury

instructions, which she requested as her proposed instruction numbered 18.[1]  However, the record does not reflect that Kay objected to the failure to give Kay's proposed instructions numbered 20[2] and 24[3], based upon IDJI 3.11 and 3.01 respectively.

Idaho Rule of Civil Procedure 51(b) provides in relevant part that: "No party may assign as error the giving of or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the instruction to which that party objects and the grounds of the objection."  Rule 51(b) requires a specific objection to a jury instruction. *Bates v. Seldin*, 146 Idaho 772, 775, 203 P.3d 702, 705 (2009) (citing *Vanderford*, 144 Idaho at 556, 165 P.3d at 270); *Jones*, 147 Idaho at 19, 205 P.3d at 668.  Therefore, we find that Kay failed to preserve for appeal her claim that the district court erred by refusing her requested instructions numbered 20 and 24.

We now turn to Kay's proposed instruction based upon IDJI 3.17.  Her requested instruction states:

> Once an owner discovers a visitor of any status proceeding on a course, which probably will result in harm because of a dangerous condition of the premises, which is known to the owner but not known to the visitor, the owner owes a duty to use reasonable means to warn the visitor of the dangerous condition.  The failure to do so amounts to reckless conduct.

The district court concluded that the requested instruction was covered by other instructions and therefore declined to give Kay's proposed instruction.

Kay argues that the standard of review of whether a jury instruction should have been given is whether there is evidence at trial supporting the instruction, and directs us to our decisions in *Holzheimer v. Johannesen*, 125 Idaho 397, 871 P.2d 814 (1994) and *Watson v. Navistar Int'l Transp. Corp.,* 121 Idaho 643, 827 P.2d 656 (1992).  However, this Court has more recently stated:

---

[1]  Idaho Rule of Civil Procedure 51(a)(1) provides that "any objections to the giving or the failure to give an instruction, and any court's ruling thereon, must be made a part of the record."  Idaho Rule of Civil Procedure 51(b) enforces this requirement, providing that a party may not assign as error the giving of or failure to give an instruction unless the party objects and identifies the instruction to which the objection is made.  Kay's attorney did not specifically identify her proposed instruction when making the objection, but did refer to IDJI 3.17.  Given the mandate to liberally interpret the rules of civil procedure in I.R.C.P. 1(a), we conclude that this objection was sufficient to preserve her claim of error based upon the failure to give her requested jury instruction.

[2]  Kay's proposed instruction numbered 20 states that: "The owner owes a duty to exercise ordinary care in inspection of the premises for the purpose of discovering dangerous conditions."

[3]  Kay's proposed instruction numbered 24 states that: "If an owner's predecessor creates a dangerous or defective condition and the owner has knowledge of it, the owner is deemed to have knowledge of it as a matter of law."

The standard of review for issues concerning jury instructions is limited to a determination of whether the instructions, as a whole, fairly and adequately present the issues and state the law. When the instructions, taken as a whole, do not mislead or prejudice a party, an erroneous instruction does not constitute reversible error.

*Bailey*, 139 Idaho at 750, 86 P.3d at 464 (citing *Silver Creek Computers, Inc.*, 136 Idaho at 882, 42 P.3d at 675).

When explaining its reasoning for refusing Kay's requested instruction, the court stated: "As I thought about that a little more and discussed it with my law clerk, it seems to me that that's actually a more narrow, narrow duty than what's given in 3.15 because you have the additional element. And I think it also kind of put you in a quandary as to the evidence that you were going to produce, but nevertheless, I don't think it's appropriate in this case." The district court's reference to "the additional element" is clearly a reference to the opening clause of IDJI 3.17: "Once an owner discovers a visitor of any status proceeding on a course, which probably will result in harm because of a dangerous condition of the premises…."

The only evidence that related to this element was: (1) Becky's awareness that Kay was going to use the bathroom; (2) Becky's knowledge of the recessed shower; (3) Becky's awareness that Kay had consumed alcohol; (4) Kay's testimony that, following the fall, Becky told her "You're in good company. Several other people have fallen in that shower…"; and (5) Becky's admission that she was aware of an incident, occurring approximately twenty years earlier, in which a guest came out of the bathroom laughing and stating that he had "taken a fall." Becky acknowledged that the guest had been drinking but denied knowing whether the guest had fallen into the recessed shower or slipped on a rug. We are unable to conclude that this is substantial evidence that would have supported a finding that Becky knew that Kay was proceeding on a course that would "*probably* result in harm."

We now examine whether the instructions, as a whole, fairly and adequately present the issues and state the law relating to premises liability. The district court gave three instructions pertaining to the duties owed by Respondent to Kay. Instruction 22, based upon IDJI 3.03, informed the jury: "The owner owes a duty to exercise ordinary care to avoid exposing persons on the premises to an unreasonable risk of harm." Instruction 23, based upon IDJI 3.03, instructed: "The owner owes a duty to exercise ordinary care to avoid exposing persons on the premises to an unreasonable risk of harm." Finally, Instruction 24, drawn from IDJI 3.15,

7

provided: "The owner owes a duty to warn a licensee only of dangerous existing hazards on the land that were known to the owner and unknown to and not reasonably discoverable by the licensee."

"A licensee is a visitor who goes upon the premises of another with the consent of the landowner in pursuit of the visitor's purpose." *Holzheimer*, 125 Idaho at 400, 871 P.2d at 817 (citing *Pincock v. McCoy*, 48 Idaho 227, 281 P. 371 (1929)). A social guest is also a licensee. *Id.* (citing *Wilson v. Bogert*, 81 Idaho 535, 545, 347 P.2d 341, 347 (1959). A landowner's duty to a licensee is narrow. A landowner is only required to share with the licensee knowledge of dangerous conditions or activities on the land. *Id.* We conclude that Instructions 22, 23 and 24 fairly and adequately presented the issue of the duty Respondents owed Kay, a social guest and licensee. The instructions also fairly and adequately stated the law regarding the duty an owner owes a licensee. When taken as a whole, we are unable to conclude that the instructions misled the jury or prejudiced Kay. For the foregoing reasons, we find no error in the district court's refusal to give Kay's proposed instruction.

**C. The district court did not err when it declined to instruct the jury with Kay's proposed instructions numbered 14 and 15.**

In her third assignment of error, Kay argues that the district court erred when it refused to instruct the jury with her proposed jury instructions numbered 14 and 15. Kay concedes that her proposed instruction 14 is substantially similar to the first paragraph of Instruction 21 given by the district court. Therefore, we are unable to find error as to this first sub-issue on appeal. Kay also argues that the district court should have substituted her proposed instruction 15 for the second paragraph of Instruction 21. We conclude that the district court did not err when it instructed the jury on the issue of proximate cause with Instruction 21.

The district court relied on IDJI 2.30.2 for Instruction 21, except that it omitted the last sentence of the first paragraph from IDJI 2.30.2, so that the instruction was consistent with our decision in *Garcia v. Windley*, 144 Idaho 539, 164 P.3d 819 (2007). The omitted sentence states: "It is not a proximate cause if the injury, loss or damage likely would have occurred anyway." This Court has previously held that it is appropriate for a court to omit the sentence instructing that there is no proximate cause if the injury "likely would have occurred anyway," when giving a substantial factor jury instruction, as was given in the instant case. *Newberry v. Martens*, 142 Idaho 284, 288-89, 127 P.3d 187, 191-92 (2005). This Court specifically held in *Garcia* that

8

"IDJI 2.30.2, the proximate cause 'substantial factor' instruction, which contains the sentence '[i]t is not a proximate cause if the injury, loss or damage likely would have occurred anyway' is in conflict with *Fussell* [*v. St. Clair,* 120 Idaho 591, 818 P.2d 295 (1991)] and *Newberry*." 144 Idaho at 544, 164 P.3d at 824 n.4.

Kay does not challenge the omission of this sentence from instruction 21. Instruction 21 provided:

> When I use the expression "proximate cause," I mean a cause that, in natural or probable sequence, produced the injury, the loss or the damage complained of. It need not be the only cause. It is sufficient if it is a substantial factor in bringing about the injury, loss or damage.
> There may be one or more proximate causes of an injury. When the negligent conduct of two or more persons or entities contributes concurrently as substantial factors in bringing about an injury, the conduct of each may be a proximate cause of the injury regardless of the extent to which each contributes to the injury.

Kay's proposed instruction numbered 15 stated: "A cause can be a substantial contributing cause even though the injury, damage or loss would likely have occurred anyway without that contributing cause. A substantial cause need not be the sole factor, or even the primary factor in causing the plaintiff's injuries, but merely a substantial factor therein."

Kay argues that Instruction 21 defined substantial factor, and her proposed instruction defined cause. She further argues that Instruction 21's definition of substantial factor is confusing when explaining there can be one or more proximate causes of an injury. Kay essentially argues that she wanted the instruction to include language indicating that a cause can be a substantial and contributing factor even though the injury would have occurred anyway without the contributing cause.

We need not delve too deeply into *Newberry* and *Garcia* to decide this matter. Both cases dealt with the issue whether a "but for" proximate cause instruction was appropriate rather than a "substantial factor" proximate cause instruction. However, in the instant case, the district court gave a "substantial factor" proximate cause instruction, as Kay requested, and Kay does not argue that this was error. The language from the second paragraph of Instruction 21 is a general instruction pertaining to proximate cause. This language appears in both IDJI 2.30.1, pertaining to the "but for" test, and IDJI 2.30.2, pertaining to the substantial factor instruction.

Kay has not met her burden of showing prejudicial error in the district court's reliance on the standard pattern jury instruction for Instruction 21. Although Kay points out that her

9

proposed instruction 15 was taken from *Newberry*, and this Court affirmed the use of the instruction in *Newberry*, which was a substantial cause case, Kay's argument that Instruction 21 confused or misled the jury is not persuasive. Instruction 21 fairly and adequately stated the law regarding proximate cause, informing the jury that there may be multiple proximate causes of an injury, "regardless of the extent to which each contributes to the injury." Although it would not have been error for the court to instruct the jury that a cause can be a substantial and contributing factor even though the injury would have occurred anyway, we are unable to find that the court's instruction misled the jury or resulted in prejudice to Kay.

### D. The jury verdict was supported by substantial and competent evidence.

Kay argues that the jury verdict was neither consistent with applicable law nor supported by substantial and competent evidence. Kay argues that the evidence at trial demonstrated that Respondents knew or should have known that the bathroom was a dangerous condition based upon the fact that one person had previously fallen in the bathroom. At trial Respondent Becky Chapman testified that someone had previously fallen in the bathroom over 20 years prior to Kay's fall, but she did not know how or where he fell in the bathroom. Becky Chapman also testified that this person had been drinking prior to his fall. This was the only evidence Kay discussed in her brief when arguing that the jury verdict was not supported by substantial and competent evidence. On appeal, the appellant bears the burden of proving error. *Garcia v. Pinkham*, 144 Idaho 898, 900, 174 P.3d 868, 870 (2007).

Kay has not upheld this burden through her cursory discussion of the evidence. Based upon the record before us, the jury could disbelieve Kay's claim that Becky told her that "several other people had fallen in that shower" and reasonably find that Respondents' failures to warn Kay of the new rug and recessed shower were not a substantial factor in bringing about the fall. Rather, the jury could reasonably find that Kay's attempt to free her heel from her pant hem while rising next to the recessed shower, which was immediately next to and apparent to her, was the only substantial factor in causing the fall. We conclude that the jury verdict was supported by substantial and competent evidence.

### IV. CONCLUSION

The district court's judgment in favor of Respondents is affirmed. Costs to Respondents.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.