**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40796**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 807** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: November 7, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL JARED THOMPSON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of five years, for involuntary manslaughter with enhancement, affirmed; denial of I.C.R. 35 motion, affirmed.

Sara B. Thomas, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Michael Jared Thompson appeals from his judgment of conviction and sentence for involuntary manslaughter, Idaho Code § 18-4006(2), including an enhancement for use of a deadly weapon, I.C. § 19-2520. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Four friends went out drinking at two local bars in Minidoka County. The victim, Michael Blair, and his longtime friend, Kristen Kull, began to argue. By this time all four individuals were highly intoxicated. Thompson became irritated by the arguing and decided that they should all leave. The four friends left in Thompson's truck. Thompson drove, Kull sat in the front passenger seat, Blair sat directly behind the driver's seat, and Khali Jones sat behind the front passenger seat. Blair and Kull continued to argue as they drove towards Thompson's

house.  Thompson interjected, "If one of you don't shut up, I'm going to shoot somebody." Jones could see that he had a gun in a holster.  Blair laughed.  Thompson responded, "You think I'm kidding?"  He then removed the pistol from the holster and cocked the gun twice.  Then holding the gun in his right hand, Thompson rested his elbow on the center console and pointed the gun up and backwards.  Blair, who was known to be a jokester, responded, "If you're going to shoot somebody, it might as well be me.  End my miserable existence."  Blair then slid over, placed his hand on Thompson's hand, and put his mouth around the barrel of the gun; the gun fired.  The shot likely killed Blair instantly.  Thompson told the others that Blair pulled the trigger.  Jones could not see whose finger was on the trigger and she did not know who pulled it. Kull could not remember what occurred that night.

The State charged Thompson with involuntary manslaughter, with an enhancement for using a deadly weapon.  After the above information was presented at trial,[1] the jury found Thompson guilty as charged.  The district court sentenced Thompson to fifteen years with five years determinate.  Thompson subsequently filed an Idaho Criminal Rule 35 motion for leniency. The district court denied his motion.  Thompson timely appeals.

## II.

## ANALYSIS

### A.    Sufficiency of the Evidence

Thompson argues that the jury had insufficient evidence to find him guilty of involuntary manslaughter.  Appellate review of the sufficiency of the evidence is limited in scope.  A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt.  *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991).  We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence.  *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985).  Moreover, we will consider the

---

[1]    The jury also heard testimony regarding what occurred after the shooting; however, as noted by Thompson, that evidence does not bear on whether the State presented sufficient evidence to establish Thompson produced the death.

evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Thompson argues that the State failed to establish that he caused Blair's death. Idaho Code § 18-4006(2) defines involuntary manslaughter, in relevant part, as: "the operation of any firearm or deadly weapon in a reckless, careless or negligent manner which *produces* death." (Emphasis added.) Thompson asks this Court to determine whether the trial evidence was sufficient to support findings that his conduct was the proximate cause of Blair's death and that there was no intervening cause. On a charge of involuntary manslaughter, the issue of proximate cause is, in the first instance, for the jury. *State v. Monteith*, 53 Idaho 30, 40, 20 P.2d 1023, 1027 (1933). Here, however, the jury was not instructed on either proximate cause or intervening cause, and Thompson does not posit error on the absence of such instructions. Rather, he asks this Court to determine the sufficiency of the evidence for findings that the jury was never asked to make. We will not do so.

In *Bolognese v. Forte*, 153 Idaho 857, 867, 292 P.3d 248, 258 (2012), the Idaho Supreme Court noted that the record on appeal was inadequate to determine whether a new trial should have been granted based on insufficiency of the evidence because the record did not include the jury instructions. The Court said:

> A party cannot raise on appeal the giving of a jury instruction that misstates the law unless the party timely objected to the specific instruction on the record, stating the grounds of the objection. *Chapman v. Chapman*, 147 Idaho 756, 761-62, 215 P.3d 476, 481-82 (2009); I.R.C.P. 51(a)(1) & (b). A party who fails to properly object to an instruction that misstates the law cannot circumvent Rule 51(b) by arguing insufficiency of the evidence, based upon a correct statement of the law. In such a case, the sufficiency of the evidence must be determined based upon the jury instructions given, not upon those that should have been given.

*Id.* at 867 n.6, 292 P.3d at 258 n.6. Recently, the Supreme Court has reiterated this point, stating:

> Where there is no objection to the jury instructions, the sufficiency of the evidence to support a verdict must be based upon the jury instructions. That is because the jury is to apply the law as set forth in the jury instructions to the facts in order to reach the verdict. Whether the evidence was sufficient to support the verdict will therefore depend upon the law as set forth in the jury instructions.

*Mosell Equities, LLC v. Berryhill & Co., Inc.*, 154 Idaho 269, 275, 297 P.3d 232, 238 (2013); *see also St. Alphonsus Diversified Care, Inc. v. MRI Assoc., LLP*, 157 Idaho 106, 117 n.3, 334 P.3d 780, 791 n.3 (2014).

In the present case, the jury was instructed that the State must prove that Thompson recklessly used a firearm "producing the death" of Blair. A separate instruction said that the State must prove that Thompson "unlawfully caused that death." The jury was not, however, instructed to consider the intricacies of the doctrines of proximate cause and intervening cause that Thompson now asks this Court to apply to the evidence. Given the general instructions that they received, the jury may have applied only an actual cause (but-for cause) standard to determine Thompson's guilt.

Without considering the proximate cause and intervening cause doctrines, the evidence was sufficient to support the jury's finding that Thompson's irresponsible handling of his firearm "produced" Blair's death. Whether the evidence would also have been sufficient to sustain a verdict by a jury instructed on proximate cause and intervening cause is a different question and one that we decline to address for the reasons stated.

**B.     Thompson's Sentence**

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Thompson argues the district court abused its discretion in sentencing him to fifteen years with five years determinate because of his contributions to society, the limited ability to deter other similar crimes from occurring, the lack of necessary rehabilitation, and punishment is not necessary given the limited role he played in causing Blair's death. Thompson also argues the sentence is too harsh because he has taken responsibility for his actions, he has two children, he is employable, and he has the support of his family.

The district court carefully reviewed the facts of the case, considered the mitigating information presented by Thompson, and concluded the sentence was necessary to achieve the goals of sentencing. Having reviewed the record, this Court cannot say the district court abused its discretion.

## C.     Rule 35

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

Thompson submitted an article from *The Idaho Statesman* that described a less severe sentence given to a defendant who also unintentionally shot and killed his friend. He argues that the sentence given in that case is more appropriate than what he received in his case. Assuming this submission constituted new evidence, having reviewed the record, we cannot say that the district court abused its discretion in denying Thompson's motion for leniency.

## III.

## CONCLUSION

Without considering the proximate cause and intervening cause doctrines, the evidence was sufficient to support the jury's finding that Thompson's irresponsible handling of his firearm "produced" Blair's death. Additionally, the court did not abuse its discretion in sentencing

5

Thompson or in denying his motion for leniency.  Therefore, Thompson's judgment of conviction and sentence is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**