JONES, Justice, dissenting.
I respectfully dissent from the majority's holding that the district court erred in granting summary judgment in favor of Wal-Mart. Specifically, I disagree with the majority's conclusion that there was a material question of fact regarding whether Wal-Mart should have known of the existence of a dangerous condition by using an automated self-serve rental process for the Rug Doctor machines. The majority's holding departs from existing premises liability laws and imposes a new standard for the duty of care owed by landowners that elect to offer self-service operations on their premises. I believe this holding ignores the reality that any item in a store can be construed as "self-service." On a daily basis, stores are inundated with patrons who move items, drop things, spill liquids, or create any number of other hazards. Any of these actions can be done wholly independent of any store employee. Accordingly, I see no need to impose a new standard in instances involving a self-serve kiosk.
"Every person has a general duty to use due or ordinary care not to injure others, to avoid injury to others by any agency set in operation by him, and to do his work, render services or use his property as to avoid such injury." Stephens v. Stearns , 106 Idaho 249, 256, 678 P.2d 41, 48 (1984). The duty of care owed to a person depends on their status on the land. Holzheimer v. Johannesen , 125 Idaho 397, 399, 871 P.2d 814, 816 (1994). It is undisputed that Ms. Brooks was an invitee in this case. It is well established the standard of care owed to an invitee is "the duty to keep the premises in a reasonably safe condition, or to warn of hidden or concealed dangers." Id . at 400, 871 P.2d at 817 (citing Bates v. Eastern Idaho Reg'l Med. Center , 114 Idaho 252, 253, 755 P.2d 1290, 1291 (1988) ). "To establish a prima facie negligence case, the invitee also must show that the landowner knew, or in the exercise of reasonable care should have known, of the alleged dangerous condition."
*454 Shea v. Kevic Corp ., 156 Idaho 540, 548, 328 P.3d 520, 528 (2014). "For a nonrecurring or isolated incident, the invitee must show actual or constructive notice of the specific condition." Id . (internal citation omitted).
The majority distinguishes the circumstances of this case from ordinary premises liability based on the fact that the landowner placed a product that could potentially leak fluid on its property, "and then refused to request any help from the manufacturer regarding training or other information that would alert the landowner to potential safety hazards inherent in the machinery or the operating method that it implemented." In doing so, the majority fails to consider that countless items in a store have the potential to leak fluid or create a hazardous condition in the immediate surrounding area. The fact that a self-service machine was allegedly involved in this case simply does not alter the duty of care that is owed by the owner of the premises.
I would follow existing Idaho law and hold that the duty of care owed by Wal-Mart is "the duty to keep the premises in a reasonably safe condition, or to warn of hidden or concealed dangers." Holzheimer , 125 Idaho at 400, 871 P.2d at 817. According to this standard, Ms. Brooks would have been required to establish that Wal-Mart "knew, or in the exercise of reasonable care should have known, of the alleged dangerous condition." Shea , 156 Idaho at 548, 328 P.3d at 528 ; See also All v. Smith's Mgmt. Corp ., 109 Idaho 479, 481, 708 P.2d 884, 886 (1985) ("to hold an owner or possessor of land liable for injuries to an invitee caused by a dangerous condition existing on the land, it must be shown that the owner or occupier knew, or by the exercise of reasonable care should have known, of the existence of the dangerous condition.").
However, there was no evidence demonstrating that there were frequent spills from the Rug Doctor machine, or any reason to believe that a spill was imminent. In fact, this was the only spill alleged to have occurred from the Rug Doctor machine. Further, there was no evidence that anyone informed Wal-Mart of the spill, nor was there evidence that any Wal-Mart employee saw the spill and failed to clean it up. Instead, the evidence supports a finding that this was an isolated and unexpected incident. In sum, I see no reason to deviate from traditional premise liability laws merely because Ms. Brooks alleged that the water spilled from a "self-service" kiosk rather than a more traditional source. I believe the district court properly granted summary judgment in favor of Wal-Mart, holding that Ms. Brooks failed to provide evidence that Wal-Mart knew or should have known about the spill in which she slipped. I would affirm.