471 P.2d 63

Richard MOONEY and Virginia L. Mooney, husband and wife, Plaintiffs-Appellants,

v.

Larry ROBINSON and Florence Robinson, husband and wife, Defendants-Respondents.

No. 10436.

Supreme Court of Idaho.

June 25, 1970.

---

Coughlan, Imhoff, Christensen & Lynch, Boise, for plaintiffs-appellants.

Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents.

McQUADE, Justice.

The plaintiffs-appellants, Richard and Virginia Mooney, commenced this action against defendants-respondents, Larry Robinson and Florence Robinson, alleging that, in February, 1968, Virginia Mooney suffered various injuries as a direct result of respondents' negligence in maintaining a house rented by the Robinsons. The action came to trial before a jury in March, 1969, and a verdict and a judgment were rendered in favor of respondents. From that judgment the Mooneys bring this appeal.

Prior to February, 1968, appellants and the Robinsons appear to have been long-standing friends. The appellants had stayed overnight with the Robinsons when the latter couple lived in Rupert, Idaho, and, the Mooneys had visited the Robinsons twice in their home in Payette. On one of the Payette visits, appellants had also stayed overnight, occupying a bedroom in the basement.

In January, 1968, the Robinsons were in Boise attending a convention, at which time they visited with appellants—first at the Robinsons' hotel room and then at appellants' home—where they looked at some Poodle puppies. While on this visit Mrs. Mooney and Mrs. Robinson decided that Mrs. Robinson would purchase one of the puppies from Mrs. Mooney, overcoming Robinson's possible objections by presenting the dog to him as his birthday present in February.

Thus one evening in February, 1968, appellants traveled with their twelve-year-old daughter and the birthday present puppy to Payette from Boise. Appellants dined with the Robinsons at their home and, after dinner, the two couples played bridge and talked about the new Poodle. Mrs. Robinson and Mrs. Mooney stayed up until 1:30 or 2:00 a. m. to talk, and Mrs. Mooney instructed Mrs. Robinson on various aspects of caring for a Poodle. A portion of the substantial purchase price of the puppy was paid that evening, the balance was due later.

At approximately 5:00 o'clock a. m. Mrs. Mooney awoke and sought the facilities of respondents' bathroom. Appellants, on this trip, were staying in the respondents' guest bedroom on the first floor. From the doorway of this room, the bathroom door was situated 2 ft. 7 in. away on the left. There were light switches in both the bedroom and the hallway, but they were not used. Mrs. Mooney lost her way in

the dark and proceeded 3 feet along a hall in front of her; she then groped off to the right. This path took her through a doorway and across another hallway to the door to respondents' basement. Supposing that this might lead to her objective, she opened the door only to be confronted by more darkness. The stairway to the basement proceeded down, without a landing at its head, immediately from the door which Mrs. Mooney had opened. Reaching out in an attempt to discover a light switch, Mrs. Mooney stepped into the stairwell and fell down twelve steps to the basement floor. This fall resulted in the injuries for which appellants have claimed damages in this action.

Mrs. Mooney testified that, when she had stayed at respondents' house before, she had used the basement stairway several times and had noted that it had dropped away from the doorway precipitously. She had thought it to be a dangerous condition at that time. Mrs. Robinson also apparently thought the basement stairs presented a hazard, because she had placed a latch on the door leading to the basement in order to protect her grandchildren. The door was not latched the night of Mrs. Mooney's accident, because persons, including the appellants' twelve-year-old daughter, were then sleeping in the basement.

Mrs. Robinson testified that she was the last person to bed that night, and that, as was usual in her family, she had left a light on in the bathroom and the bathroom door open. There seems to be general agreement that if the light and door had remained as Mrs. Robinson asserted she left them, Mrs. Mooney's accident would not have happened.

The jury was correctly instructed on the legal definitions of an "invitee" and a "licensee." Instructions were also given on the duties owed by an occupier of land to "licensees" and to "invitees." In their three assignments of error, appellants attack the latter instructions. For the reasons set out below, we hold that these instructions were not erroneous and we affirm the judgment of the district court.

Appellants initially contend that, with respect to social guests, the distinction between duty owed "licensees" and that owed "invitees" by an owner or occupier of land should be abolished. We decline this invitation to change our law. There is no indication that it has worked an injustice in this case.[1]

 Appellants' next contention is that the trial court incorrectly instructed the jury on the duty owed a licensee. The Mooneys argue that the instructions should have stated that, if an occupier of land knows of a dangerous and an obvious condition on his premises, he has a duty tc warn the licensee of the condition or otherwise obviate its risks. While such an instruction would have been a correct statement of the law,[2] it was not necessary in this case. Mrs. Mooney not only knew of the stairway, but she testified that she was familiar with it and was fully cognizant that it was dangerous. To have given the instruction for which appellants argue would, therefore, have been injecting an element of irrelevancy into the jury's deliberations.

 Appellants finally argue that the jury should not have been instructed that it could find that Virginia L. Mooney was a licensee. A social guest is a licensee.[3] The rendition by a social guest of an incidental economic benefit to the occupier of the premises will not change the licensee's status to that of an invitee.[4]

1. See 2 F. Harper & F. James, The Law of Torts § 27.11, at 1477 (1956).

2. Gowan v. Davis, 85 Idaho 221, 224, 377 P.2d 950 (1963); 2 F. Harper & F. James, supra note 1, § 27.9, at 1473; W. Prosser, Law of Torts § 60, at 389–91 (3rd ed. 1964).

3. Wilson v. Bogert, 81 Idaho 535, 545, 347 P.2d 341 (1959); W. Prosser, supra note 2, at 387–88; 2 Restatement (2nd) Torts § 330 comment (h) (3), at 175 (1965).

4. Wilson v. Bogert, supra note 3; W. Prosser, supra note 3.

On this record, therefore, it was not error for the trial court to instruct the jury on the legal definition of a licensee and the duty owed him.

The judgment of the district court is affirmed.

Costs to respondents.

McFADDEN, C. J., DONALDSON and SHEPARD, JJ., and NORRIS, District Judge, concur.