531 P.2d 567

Kenneth SPRINGER and Velma Springer, husband and wife, Plaintiffs-Appellants,

v.

Pier PEARSON and Gertie Mae Pearson, husband and wife, Defendants-Respondents.

No. 11157.

Supreme Court of Idaho.

Feb. 3, 1975.

Emil F. Pike, Webb, Pike, Burton & Carlson, Twin Falls, for plaintiffs-appellants.

J. Robert Alexander, Benoit, Benoit & Alexander, Twin Falls, for defendants-respondents.

McQUADE, Chief Justice.

On the evening of June 9, 1970, the plaintiff-appellant, Velma Springer (hereinafter referred to as appellant), came to the home of the defendants-respondents, Pier and Gertie Mae Pearson (hereinafter referred to as respondents), to pick up her child who was attending a birthday party at the Pearson home. This was the first time appellant had ever been in the home of the respondents. While the appellant was standing in the back hall toward the back door, the children attending the party came into the house. The appellant stepped sideways to let them in and as she did so, she took hold of the doorknob on the cellar door to steady herself. As ap-

pellant took hold of the doorknob, the door swung open, causing the appellant to fall to the bottom of the cellar steps. The appellant sustained injuries for which hospitalization and other treatment was required.

The trial court in its memorandum opinion found that the cellar door was situated so that it opened directly out over a stairway. There was no upper landing for the stairway and the top step of the stairway was located adjacent to the threshold of the doorway. That court also found that a hook and eye screw were on the door and a doorjamb to keep the door locked. The door was so latched at the time the appellant was in the Pearson residence.[1]

The appellant commenced an action for damages against the respondent for injuries suffered as a result of the fall. She claimed that the maintenance of a basement door which opened directly out over a stairwell "constituted negligence and carelessness on defendants' part and as a direct and proximate result of said defendants' carelessness and negligence, plaintiff Velma Springer sustained the aforedescribed injuries." The respondents moved for summary judgment based upon the pleadings, depositions and affidavits on file. The District Court held that the respondents were entitled to judgment as a matter of law because "such negligence will not support a cause of action in favor of a licensee, and there is no question in my mind but that Mrs. Springer was a licensee."

It is from the summary judgment that the appellant appeals. We affirm.

Appellant contends that the question of her status while within the Pearson home raised a genuine issue of a material fact which should have been submitted to the jury. In the alternative, appellant argues that even if as a matter of law she was a licensee while upon the premises, a material question of fact remained as to whether the respondents discharged their duty of care owed to her. Finally, appellant asks this Court to reexamine and to abolish what it considers to be artificial distinctions between the duties owed licensees and that owed invitees by an owner or occupier of land.

 The granting of summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[2] Upon a motion for summary judgment all doubts are to be resolved against the moving party.[3] After a careful consideration of the record, giving the appellant the benefit of all inferences which might reasonably be drawn, we conclude that the court was correct in granting summary judgment against her.

 There was no conflict in the evidence as to the reason why the appellant was on the respondents' premises. She was there as a social guest to pick up her child who was attending a birthday party. A social guest is a licensee [4]

"* * * a social guest, however cordially he may have been invited and urged to come, is not in law an invitee * * * the guest is legally nothing more than a licensee, to whom the possessor owes no duty of inspection and affirmative care to make the premises safe for his visit." [5]

 An occupier of land is under an obligation to disclose to a licensee any con-

1. Appellant could not state positively whether the door was latched at the time of the incident. She maintains that she met no resistance when the door swung in.

2. I.R.C.P. 56(c); Schaefer v. Elswood-Trailer Sales, 95 Idaho 654, 516 P.2d 1168 (1973). Turner v. Mendenhall, 95 Idaho 426, 510 P.2d 490 (1973); Bryan and Company v. Kieckbusch, 94 Idaho 116, 482 P.2d 91 (1971); Crane v. Banner, 93 Idaho 69, 455 P.2d 313 (1969).

3. Tri-State National Bank v. Western Gateway Storage Co., 92 Idaho 543, 447 P.2d 409 (1968); Metz v. Haskell, 91 Idaho 160, 417 P.2d 898 (1966). Lundy v. Hazen, 90 Idaho 323, 411 P.2d 768 (1966).

4. Mooney v. Robinson, 93 Idaho 676, 471 P.2d 63 (1970); Wilson v. Bogert, 81 Idaho 535, 347 P.2d 341 (1959).

5. W. Prosser, Law of Torts, § 60, at 378 (4th Ed. 1971).

cealed dangerous conditions on the premises of which he has knowledge.[6] The obligation of the homeowner is to advise the licensee of any defect which the homeowner could reasonably anticipate the licensee to encounter during her visit. It isn't reasonable to require the homeowner to anticipate that a parent, coming to pick up her child from a birthday party, would lean against a basement door and fall through it. Liability should not be predicated upon a failure of the homeowner to warn appellant not to take hold of the doorknob and lean against the basement door because it might swing open and she might fall down the steps below.

> "[Negligence] necessarily involves a foreseeable risk, a threatened danger of injury, and conduct unreasonable in proportion to the danger. If the defendant could not reasonably foresee an injury as the result of his act, or if his conduct was reasonable in light of what he could anticipate, there is no negligence and no liability." [7]

The homeowner had no reason to anticipate that appellant, who came to pick up her child from a party would take hold of the cellar doorknob and lean against the door. The homeowner was under no duty to warn her of the latch's inability to support her if she pressed against it. To hold to the contrary would place a very burdensome and unreasonable duty upon the homeowner.

We decline to pass upon appellant's invitation for this Court to reassess well established precedent in this state recognizing distinctions between the duty of care owed to licensees and invitees. We continue to adhere to the distinctions most recently pronounced in Mooney v. Robinson.[8]

Affirmed. Costs to respondent.

DONALDSON, SHEPARD, McFADDEN and BAKES, JJ., concur.

---

6. Mooney v. Robinson, *supra* note 4; W. Prosser, Law of Torts, *supra* note 5 at 381; 2 Restatement (2nd) Torts § 342 (1965).

7. W. Prosser, Law of Torts, *supra* note 5 at 250.

8. *Supra*, note 4.