732 P.2d 369

**Daniel Ken EVANS, Plaintiff-Appellant,**

v.

**Albert PARK and Jane Doe Park, husband and wife,
Defendants-Respondents.**

**No. 16472.**

Court of Appeals of Idaho.

Jan. 30, 1987.

D. Kirk Bybee, Maguire, Ward, Maguire & Bybee, Pocatello, for plaintiff-appellant.

Kenneth E. Lyon, Jr., Lyon & Jorgensen, Pocatello, for defendants-respondents.

PER CURIAM.

Appellant Daniel Evans, a social guest at the home of respondents Park, suffered an injury when he slipped and fell on ice covering the front steps of the Park residence. He sued for damages. At trial, the jury found in favor of the Parks. Judgment was entered accordingly. We affirm.

■ Evans presents two issues on appeal. He first asks us to redefine the duty a landowner owes to social guests, abolishing the common law distinctions among categories of entrants upon private property. Evans also asks us to determine whether the district court erred in excluding certain testimony.

With respect to the first issue, Evans urges us to adopt the reasoning of the California Supreme Court in *Rowland v. Christian*, 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561 (1968), which eliminated distinctions among duties owed by landowners to business invitees, licensees (including social guests) and trespassers. Similar invitations have been extended in recent years to the Idaho Supreme Court, but our Court has declined them. *See Huyck v. Hecla Mining Co.*, 101 Idaho 299, 612 P.2d 142 (1980); *Springer v. Pearson*, 96 Idaho 477, 531 P.2d 567 (1975); *Mooney v. Robinson*, 93 Idaho 676, 471 P.2d 63 (1970). We deem ourselves bound by those decisions.

In *Keller v. Holiday Inns, Inc.*, 105 Idaho 649, 671 P.2d 1112 (Ct.App.1983), *vacated on other grounds*, 107 Idaho 593, 691 P.2d 1208 (1984), we summarized the standard of liability applicable to the instant case.

A person who enters the property of another with passive permission or as a mere social guest traditionally has been held to understand that he must take the land as the possessor uses it. This entrant, classified by the law as a licensee, is expected to be alert and to protect himself from the risks he encounters. Accordingly, the duty owed to a licensee with respect to such risks is narrowly restricted. The possessor is required simply to share his knowledge of dangerous conditions or dangerous activities with the licensee. When such a warning has been given, the possessor's knowledge is no longer superior to that of the licensee, and the possessor's duty extends no farther. Second Restatement §§ 342–343A, and § 343 comment b. Of course, the possessor must avoid willful and wanton injury to the licensee. But ordinary negligence allowing an unsafe condition or activity on the property is insufficient, by itself, to impose liability to a licensee.

*Id.* at 652–53, 671 P.2d at 1115–16. The jury was instructed in accordance with this standard. The jury also heard testimony that Mr. Park had warned Evans of the icy steps. Although this evidence was dis-

puted, the jury reasonably could have accepted it. The warning satisfied the duty owed by the Parks to Evans. The jury's verdict is consistent with the law and will not be overturned.

Evans next contends that the trial judge improperly excluded testimony of a woman who allegedly slipped—but did not fall—on the same steps approximately one month prior to Evans' accident. She also would have related statements made by Mr. Park to the effect that he had homeowner's insurance. Evans now argues that the testimony was admissible to show the Parks' state of mind regarding maintenance of their property.

■ Rule 411, Idaho Rules of Evidence, embodies the long-standing doctrine in this state that evidence of insurance is inadmissible at trial to prove negligence or other wrongful conduct. *See Brown v. Jerry's Welding and Construction Company*, 104 Idaho 893, 665 P.2d 657 (1983); *Crossler v. Safeway Stores, Inc.*, 51 Idaho 413, 6 P.2d 151 (1931). Here, the testimony apparently was offered to show that the Parks had a careless attitude because they were insured. This is exactly the type of situation that Rule 411 was designed to cover. The trial judge properly excluded the testimony.

■ We reach the same conclusion with regard to testimony concerning the previous slip. The testimony would have been merely cumulative evidence on the condition of the steps. Moreover, the trial judge evidently reasoned that changing weather, as well as intervening foot traffic on the steps, would have altered their condition so greatly that any evidence of their condition one month before the accident would lack probative value. The determination of remoteness rests in the sound discretion of the trial court. *Blankenship v. Brookshier*, 91 Idaho 317, 420 P.2d 800 (1966). Evidence of a previously existing condition may be admitted only if there is no other evidence showing the actual condition at the time in question and if the condition is not one that would be expected to change. *Hoffman v. Barker*, 80 Idaho

372, 330 P.2d 978 (1958). The trial court did not abuse its discretion in excluding the testimony in this case.

■ The Parks have requested attorney fees on appeal. We believe the appeal was brought unreasonably and without foundation. *See Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). Evans has presented neither a genuine legal issue nor a cogent challenge to the judge's exercise of discretion. Accordingly, we award fees under I.C. § 12–121.

The judgment of the district court, entered upon the jury verdict, is affirmed. Costs (including attorney fees) to respondents Park.