## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 38530

| | | |
|---|---|---|
| JOHN FREDERICK BALL and JOAN BALL, husband and wife, | ) ) ) | Boise, February 2012 Term |
| Plaintiffs-Appellants, | ) ) | 2012 Opinion No. 58 |
| v. | ) ) | Filed: March 23, 2012 |
| CITY OF BLACKFOOT, | ) ) | Stephen Kenyon, Clerk |
| Defendant-Respondent. | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

The district court's order granting summary judgment is reversed and the case is remanded for proceedings consistent with this opinion.

Maguire & Penrod, Pocatello, for appellants. David K. Penrod argued.

Nelson Hall Parry Tucker, P.A., Idaho Falls, for respondent. Blake Hall argued.

_____

HORTON, Justice.

JoAn and Fred Ball (JoAn and Fred, collectively the Balls) are patrons of the City of Blackfoot's (the City) municipal pool. JoAn slipped on ice accumulated on the sidewalk between the pool and the parking lot. The Balls brought suit against the City. The district court granted summary judgment dismissing the Balls' claims on the ground that, under *Pearson v. Boise City*, 80 Idaho 494, 333 P.2d 998 (1959), property owners are not liable for injuries resulting from natural accumulations of snow or ice. We reverse.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 28, 2008, moments after Fred parked at the Blackfoot municipal pool and JoAn stepped out of their vehicle, JoAn slipped, fell, and was knocked unconscious. As a result of the fall, JoAn suffered physical and neurological injuries including a sore back, double vision, loss of hearing, dizziness, and momentary blackouts. The Balls brought suit, asserting that the

1

City negligently failed to keep the sidewalk free of ice and snow and that defectively designed landscaping caused ice to accumulate on the sidewalk.

The City moved for summary judgment and both parties submitted affidavits. The pool manager claimed to have sprinkled ice melt on the sidewalk three times before pool patrons began to arrive on the day of the accident. The manager stated she applied ice melt in the area where JoAn later fell. A City building official stated that the construction of the sidewalk where the fall occurred met relevant codes and regulations. Fred stated that, immediately after the fall, he observed signs that ice melt had been applied near the pool entrance, but did not observe similar signs on the sidewalk where JoAn fell. Fred stated that ice had accumulated on the sidewalk where JoAn fell, making it very slick. Both Fred and another pool patron asserted that the City had piled snow on the grassy slope that abutted the sidewalk. When the piled snow melted, the runoff flowed down the slope, where it accumulated and froze on the sidewalk. The other patron stated that she had complained of these conditions to the pool manager prior to JoAn's fall.

The City moved to strike portions of the affidavits submitted by the Balls. The district court ruled on the City's motion to strike and its motion for summary judgment simultaneously, holding that the motion to strike was moot because "the particular facts of this case fall so squarely within Idaho Supreme Court precedent, that the affidavits submitted by the Balls have no bearing upon the viability of their claims." The court concluded that the Balls had alleged facts virtually identical to those in *Pearson v. Boise City*, 80 Idaho 494, 333 P.2d 998 (1959), and since *Pearson* established that a property owner is not liable for natural accumulations of ice and trivial sidewalk defects, the City was not liable to the Balls. The district court thus granted the City's motion for summary judgment. The Balls timely appealed.

## II. STANDARD OF REVIEW

This Court applies the same standard in reviewing the appeal of an order granting summary judgment as did the trial court in granting the motion. *Estate of Becker v. Callahan*, 140 Idaho 522, 525, 96 P.3d 623, 626 (2004). We will construe all disputed facts and draw all reasonable inferences in favor of the non-moving party. *Id.* "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "The existence of a duty is a

2

question of law over which this Court exercises free review." *Turpen v. Granieri*, 133 Idaho 244, 247, 985 P.2d 669, 672 (1999).

## III. ANALYSIS

**A. The district court applied the wrong legal standard and therefore its grant of summary judgment was erroneous.**

    1.   <u>*Pearson* does not entitle the City to judgment as a matter of law.</u>

The district court granted the City's motion for summary judgment "[b]ased upon the overwhelming similarity between the facts pleaded in the Balls' Complaint and the Idaho Supreme Court's dismissal of *Pearson v. Boise City* on almost identical facts . . . ." In *Pearson*, the trial court dismissed the negligence claim of a woman who slipped on ice that had accumulated in a half-inch deep depression in a city sidewalk. 80 Idaho 494, 496, 333 P.2d 998, 999 (1959). She asserted the city was negligent because it had not repaired the defect that permitted the ice to accumulate. *Id.* at 497, 333 P.2d at 999. This Court affirmed, first noting that "[m]ere slipperiness of a sidewalk, occasioned by smooth or level ice or snow, is insufficient to charge the municipality with liability for injury resulting therefrom where the snow or ice does not constitute an obstruction." *Id*. at 497, 333 P.2d at 999-1000. The Court held that "[p]edestrians must assume the risks attending a general slippery condition of sidewalks produced by natural causes and which remain despite the efforts of reasonable care and diligence." *Id.* at 498, 333 P.2d at 1000 (quoting McQuillin, Municipal Corporations, 3rd Ed., Vol. 19, § 54.84, p. 316). We then considered the appellant's claim that the depression was a defect upon which liability could be predicated. We held that the claimed defect was trivial and did not give rise to liability because the injury was caused by ice that had naturally accumulated. *Id.* at 503, 333 P.2d at 1003.

While the *Pearson* Court relied upon this "natural accumulation rule" in 1959, this Court held in *Harrison v. Taylor*, 115 Idaho 588, 768 P.2d 1321 (1989), and *Robertson v. Magic Valley Regional Medical Ctr*, 117 Idaho 979, 793 P.2d 211 (1990), that the rule was abrogated by the Legislature's adoption of comparative negligence. In *Harrison*, this Court addressed the effect of the Legislature's 1971 enactment of I.C. § 6-801[1] upon the open and obvious danger doctrine.

---

[1] Idaho Code § 6-801 provides:

    Contributory negligence or comparative responsibility shall not bar recovery in an action by any person or his legal representative to recover damages for negligence, gross negligence or comparative responsibility resulting in death or in injury to person or property, if such negligence or comparative responsibility was not as great as the negligence, gross negligence or comparative

115 Idaho at 591-93, 768 P.2d at 1324-26. The common law doctrine precluded premises liability where an invitee knew or should have known of a danger before he or she encountered it.[2] *Id.* at 592, 768 P.2d at 1325. We held that I.C. § 6-801 abrogated the open and obvious danger doctrine because the statute mandates that, as long as negligence of the party from whom recovery is sought exceeds that of the claimant, the claimant's responsibility for his or her injury "shall not bar recovery." *Id.* at 596, 768 P.2d at 1329; *see also Salinas v. Vierstra*, 107 Idaho 984, 695 P.2d 369 (1985) (holding that I.C. § 6-801 abrogated the assumption of risk doctrine except in cases where the plaintiff expressly assumes the risk). Beginning with *Harrison*, we thus established that "owners and occupiers of land will be under a duty of ordinary care under the circumstances towards invitees who come upon their premises." *Harrison*, 115 Idaho at 595, 768 P.2d at 1328. Our decision in *Robertson v. Magic Valley Regional Medical Center* followed closely upon the heels of *Harrison* and expressly recognized that I.C. § 6-801's abrogation of the open and obvious danger doctrine included abrogation of the natural accumulation rule. 117 Idaho at 981, 793 P.2d 213.[3] Thus, I.C. § 6-801 abrogated the holding in *Pearson* that owners and occupiers of land are generally not liable for injuries caused by natural accumulations of snow and ice. Rather, they owe a duty of ordinary care under the circumstances.

On appeal, the City has focused on the fact that the defendant in *Pearson* was also a municipality and our statement that "[m]unicipalities are not insurers of the safety of those who use the sidewalks." 80 Idaho at 497, 333 P.2d at 999. The City's arguments in this regard fail to account for legislative developments that have taken place in the 63 years since our decision in *Pearson*.

In 1971, the Legislature passed the Idaho Tort Claims Act (ITCA).[4] 1971 Idaho Sess. Laws ch. 150, p. 743. Under the ITCA, a governmental entity[5] may be liable for its tortious conduct, regardless of whether the tort arose from a governmental or proprietary function. I.C. §

---

[2] responsibility of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence or comparative responsibility attributable to the person recovering. Nothing contained herein shall create any new legal theory, cause of action, or legal defense.

[2] The injury in *Harrison* resulted from a hole in a dry sidewalk in the summertime that caused the plaintiff to trip and fall. Nonetheless, the opinion explored applications of the open and obvious danger doctrine in Idaho and elsewhere, including the natural accumulation rule. *See id.* at 594 n. 4, 768 P.2d at 1327 n. 4.

[3] Neither the parties nor the district court addressed our decision in *Robertson*.

[4] Neither the parties nor the district court addressed the impact of the enactment of the ITCA as it relates to the continued vitality of the holding in *Pearson*.

[5] The ITCA's definition of "governmental entity" includes cities. I.C. § 6-902.

6-903(1). The ITCA exempts governmental entities from liability for tortious conduct in certain circumstances, as provided by I.C. § 6-904, 6-904A, or 6-904B. As the maintenance of sidewalks is not the subject of an exception to the ITCA, the City may be liable for negligent maintenance of the sidewalk in this case.[6] We therefore hold that the district court erred by holding that the simple accumulation of ice on the pool's sidewalk barred the Balls' claim as a matter of law. As this Court stated in *Harrison*, "[d]isputes in this area will normally present a jury question under particular facts, unless reasonable minds could not differ." 115 Idaho at 596, 768 P.2d at 1329 (citing *McKinley v. Fanning*, 100 Idaho 189, 595 P.2d 1084 (1979)). Applying the proper legal standard, then, we must reverse the district court's grant of summary judgment if there is a genuine issue of material fact as to the City's negligence.

2. Construing all disputed facts and drawing all reasonable inferences in the Balls' favor, there are genuine issues of material fact as to the City's negligence.

Concurrent with its motion for summary judgment, the City moved the district court to strike evidence contained within the Balls' affidavits. However, the district court declined to rule on the motion to strike on the basis that application of *Pearson* rendered all evidence contained within the affidavits irrelevant. This conclusion affects the issue on appeal because "trial courts must determine the admissibility of evidence as a 'threshold question' to be answered before addressing the merits of motions for summary judgment." *Montgomery v. Montgomery*, 147 Idaho 1, 6, 205 P.3d 650, 655 (2009) (citing *Hecla Mining Co. v. Star–Morning Mining Co.*, 122 Idaho 778, 784, 839 P.2d 1192, 1198 (1992)). The trial court's failure to rule on the City's motion to strike amounts to a denial of that motion. *Dawson v. Cheyovich Family Trust*, 149 Idaho 375, 380, 234 P.3d 699, 704 (2010) (citing *Gutierrez v. Mass. Bay Transp. Auth.*, 772 N.E.2d 552, 560 (Mass. 2002)). Thus, we look to each of the affidavits submitted by the Balls and the City to determine if disputed issues of material fact remain as to whether the City exercised ordinary care under the circumstances. Before we consider those affidavits, however, we consider the nature of the duty the City owed to JoAn.

Idaho courts have maintained that the duty of owners and possessors of land is determined by the status of the person injured on the land (*i.e.,* whether the

---

[6] On appeal, the parties have directed their arguments to the maintenance of the sidewalk. We note that the Balls' complaint alleged negligent design of the landscaping which resulted in a dangerous condition. Although an exception to tort liability may exist as to this claim, the record is silent as to whether the landscape design was in substantial compliance with applicable engineering or design standards. I.C. § 6-904(7). The record merely contains the affidavit of a City building official who states that the sidewalk itself, not the adjacent landscaping, complied with applicable design standards. Thus, there is no basis for concluding that the City is immune from this claim.

person is a invitee, licensee or trespasser). *E.g., Rehwalt v. American Falls Reservoir, Dist. No. 2,* 97 Idaho 634, 636, 550 P.2d 137, 139 (1976). An invitee is one who enters upon the premises of another for a purpose connected with the business conducted on the land, or where it can reasonably be said that the visit may confer a business, commercial, monetary or other tangible benefit to the landowner. *Wilson v. Bogert,* 81 Idaho 535, 347 P.2d 341 (1959). A landowner owes an invitee the duty to keep the premises in a reasonably safe condition, or to warn of hidden or concealed dangers. *Bates v. Eastern Idaho Regional Medical Center,* 114 Idaho 252, 253, 755 P.2d 1290, 1291 (1988). A licensee is a visitor who goes upon the premises of another with the consent of the landowner in pursuit of the visitor's purpose. *See Pincock v. McCoy,* 48 Idaho 227, 281 P. 371 (1929); *Evans v. Park,* 112 Idaho 400, 732 P.2d 369 (Ct.App.1987). Likewise, a social guest is also a licensee. *Wilson,* 81 Idaho at 545, 347 P.2d at 347. The duty owed to a licensee is narrow. A landowner is only required to share with the licensee knowledge of dangerous conditions or activities on the land. *Evans,* 112 Idaho at 401, 732 P.2d at 370. Additionally, this Court has held that "[t]he fact that a guest may be rendering a minor, incidental service to the host does not change the relationship [between them as a landowner and a licensee]." *Wilson,* 81 Idaho at 545, 347 P.2d at [347]; *see also Mooney v. Robinson,* 93 Idaho 676, 471 P.2d 63 (1970).

*Holzheimer v. Johannesen*, 125 Idaho 397, 399-400, 871 P.2d 814, 816-17 (1994).

Idaho Code § 6-903(1) provides that, subject to exceptions that do not appear to apply to this appeal, a governmental entity is liable for damages arising from its negligence to the same extent that "a private person or entity would be liable for money damages under the laws of the state of Idaho. . . ." For purposes of summary judgment, there is sufficient evidence in the record to support a finding that JoAn, as a pool patron, was an invitee, and the City owed her a duty to keep the premises in a reasonably safe condition. *Id.*

We hold that the affidavits contain conflicting evidence regarding whether the City failed to keep the premises in a reasonably safe condition. The affidavit of the pool manager states that on the day of JoAn's accident, the manager noticed that the City had plowed snow from the parking lot across the sidewalk and onto the grass, that ice had accumulated on the sidewalk, and that the manager sprinkled ice melt in the area where JoAn fell prior to the fall. An affidavit submitted by a regular pool patron stated that during the 2008 winter, she observed that the City's habit of plowing parking lot snow onto the grass beside the sidewalk caused excess snow melt to run onto the sidewalk where it subsequently froze, creating especially icy sidewalk conditions. The patron also stated that she had informed the pool manager of these slick conditions, and that in the weeks prior to JoAn's fall, she had not observed evidence that ice melt

6

was applied in the location where the ice was forming on the sidewalk. According to Fred's affidavit, the temperatures during the day and night preceding JoAn's fall had first risen above and then fallen below freezing. His affidavit also stated that immediately after the fall, he observed evidence that ice melt had been applied near the pool entrance, but no similar evidence of ice melt application where JoAn fell. Fred also observed that the snow piled on the grass beside the sidewalk combined with the slope of the landscaping and the melt/freeze cycle to cause a greater amount of ice to accumulate on the sidewalk than would otherwise naturally occur. Finally, the affidavit of a pool patron who witnessed JoAn's fall stated that immediately after the accident occurred, she observed that there were signs of ice melt application near the entrance to the pool, but that the sidewalk area where JoAn fell did not exhibit similar signs. Instead, she perceived the sidewalk where JoAn fell to be dark and wet.

Construing all disputed facts and drawing all reasonable inferences in favor of the Balls, there is evidence in the affidavits that suggests both that no ice melt was applied to the sidewalk where JoAn fell and that the City's practice of piling snow on the grass beside the sidewalk may have combined with other factors to cause excess ice to accumulate on the sidewalk. Since disputed issues of material fact remain as to whether the City breached its duty to keep the premises in a reasonably safe condition, the district court's grant of summary judgment was in error.

**B. Neither party is entitled to attorney fees on appeal.**

Both parties seek attorney fees on appeal. The City has not prevailed and therefore is not entitled to an award of fees. I.C. § 12-117. Although the Balls have prevailed, they fail to present any argument in support of their request for fees, and therefore the issue is waived. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) ("A party waives an issue cited on appeal if either authority or argument is lacking . . . ."). We therefore do not award attorney fees to the Balls.

## IV. CONCLUSION

We reverse the district court's grant of summary judgment and remand for proceedings consistent with this opinion. Costs to the Balls.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.

7