IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40866

| | | |
|---|---|---|
| TWYLLA ROBINSON, | ) | |
| | ) | 2014 Opinion No. 26 |
| Plaintiff-Appellant, | ) | |
| | ) | Filed: April 1, 2014 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| CONNIE MUELLER, as personal | ) | |
| representative of the Estate of Hazel | ) | |
| Marquardt, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Benewah County. Hon. Fred M. Gibler, District Judge.

Judgment in favor of landlord in personal injury action, affirmed.

James, Vernon & Weeks, P.A., Coeur d'Alene, for appellant. Cynthia K.C. Meyer argued.

Michael L. Haman, Coeur d'Alene, for respondent.

_____

MELANSON, Judge

Twylla Robinson appeals from the district court's grant of summary judgment in favor of Connie Mueller, as personal representative of the Estate of Hazel Marquardt. For the reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE

Marquardt (the landlord) owned a two-story home and rented the second level as an apartment to a tenant. The apartment's bedroom contained access out onto the roof through a recessed dormer. A door opened out onto the dormer into an area 11.5 by 7.5 feet. The dormer did not contain any railings. When the tenant moved into the apartment, the landlord warned the tenant about the dormer not having any railings.

In September 2009, Robinson and the tenant met at a local bar. The two shared drinks and then went to the tenant's apartment. Inside the bedroom, the tenant opened the door to the

1

dormer to let in cool air and to enjoy the view. The tenant then went downstairs to retrieve an item from his car. During this time, Robinson wrapped herself in a blanket and walked toward the recessed dormer. As Robinson went through the doorway, she tripped and fell. Robinson rolled off the dormer and onto the ground 12 feet below. As a result of the fall, Robinson broke her femur. Following the incident, Marquardt passed away. Robinson sued Mueller, as personal representative of the estate, for damages resulting from the fall. Mueller moved for summary judgment and the district court granted the motion. Robinson appeals.

## II.

## STANDARD OF REVIEW

We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994).

The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct. App. 1992). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to

2

offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders*, 125 Idaho at 874, 876 P.2d at 156.

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citations omitted). The language and reasoning of *Celotex* has been adopted in Idaho. *Dunnick*, 126 Idaho at 312, 882 P.2d at 479.

## III.

## ANALYSIS

### A. Premises Liability

Robinson argues the district court erred because it attributed the incorrect standard of care to the landlord. Specifically, Robinson contends landlords owe a duty of reasonable care under the circumstances to social guests of a landlord's tenants. Mueller contends the district court appropriately determined the landlord owed only a duty to warn the tenant of the dangerous condition and because it is undisputed that the landlord warned the tenant of the lack of railings on the dormer, summary judgment was appropriate.

In order to establish a cause of action for negligence, a plaintiff must establish: (1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage. *Turpen v. Granieri*, 133 Idaho 244, 247, 985 P.2d 669, 672 (1999). Whether a duty exists is a question of law over which this Court exercises free review. *Id.*

The duty owed by owners and possessors of land depends on the status of the person injured on the land--that is, whether he or she is an invitee, licensee, or trespasser. *Ball v. City of Blackfoot*, 152 Idaho 673, 677, 273 P.3d 1266, 1270 (2012). An invitee is one who enters upon

3

the premises of another for a purpose connected with the business conducted on the land, or where it can reasonably be said that the visit may confer a business, commercial, monetary, or other tangible benefit to the landowner. *Holzheimer v. Johannesen*, 125 Idaho 397, 400, 871 P.2d 814, 817 (1994). A landowner owes an invitee the duty to keep the premises in a reasonably safe condition or to warn of hidden or concealed dangers. *Id*. A licensee is a visitor who goes upon the premises of another with the consent of the landowner in pursuit of the visitor's purpose. *Id*.; *Evans v. Park*, 112 Idaho 400, 401, 732 P.2d 369, 370 (Ct. App. 1987). Likewise, a social guest is also a licensee. *Holzheimer*, 125 Idaho at 400, 871 P.2d at 817. The duty owed to a licensee is narrow. A landowner is only required to share with the licensee knowledge of dangerous conditions or activities on the land. *Evans*, 112 Idaho at 401, 732 P.2d at 370.

While Idaho Courts have never directly addressed the issue of what duty a landlord owes the social guests of a tenant, existing case law demonstrates it is the entity having control over the property that bears the burden of warning social guests and licensees of dangerous conditions on the property. In *Keller v. Holiday Inns, Inc.*, 105 Idaho 649, 671 P.2d 1112 (Ct. App. 1983), *vacated on other grounds*, 107 Idaho 593, 691 P.2d 1208 (1984), we summarized the standard as follows:

> A person who enters the property of another with passive permission or as a mere social guest traditionally has been held to understand that he must take the land as the possessor uses it. This entrant, classified by the law as a licensee, is expected to be alert and to protect himself from the risks he encounters. Accordingly, the duty owed to a licensee with respect to such risks is narrowly restricted. The possessor is required simply to share his knowledge of dangerous conditions or dangerous activities with the licensee. When such a warning has been given, the possessor's knowledge is no longer superior to that of the licensee, and the possessor's duty extends no farther. Of course, the possessor must avoid willful and wanton injury to the licensee. But ordinary negligence allowing an unsafe condition or activity on the property is insufficient, by itself, to impose liability to a licensee.

*Id.* at 652-53, 671 P.2d at 1115-16 (citation omitted). *See also Harrison v. Taylor*, 115 Idaho 588, 595-96, 768 P.2d 1321, 1328-29 (1989).

In *Harrison*, a business patron tripped over a hole in the private sidewalk of a business. The patron--an invitee--sued the owner and lessor of the building. The Idaho Supreme Court

4

abolished the open and obvious danger doctrine,[1] stating owners and occupiers of land will be under a duty of ordinary care under the circumstances toward invitees who come upon their premises. The Court also stated:

> In addition to the duty of ordinary care we recognize today for owners and occupiers of land toward their invitees, there is an additional basis for reversing the ruling of the trial court here. Either a tenant, or a landlord, or both, may be liable to a third party for injuries resulting from negligent repairs or failure to repair. Even in the absence of a specific lease provision, and with no controlling statute requiring him to make repairs, if a landlord voluntarily undertakes repairs he is bound to use reasonable and ordinary care or skill in the execution of the work. Similarly, a tenant or lessee, having control of the premises is deemed, so far as third parties are concerned, to be the owner, and in case of injury to third parties occasioned by the condition or use of the premises, the general rule is that the tenant or lessee may be liable for failure to keep the premises in repair.

*Harrison*, 115 Idaho at 596, 768 P.2d at 1329 (citation omitted). This passage reveals two key points. First, this expansion of a landlord's duty--to require reasonable care under the circumstances--was addressing only the duty owed to invitees. Second, tenants are held responsible as if they were the owner with respect to third parties. However, the landlord can still be liable in limited circumstances.[2] A landlord generally is not "responsible for injuries to third persons in privity with the tenant which are caused by failure to keep or put the demised premises in good repair." 62 AM. JUR. 2d *Premises Liability* § 408 (2005). *See also Harrison*, 115 Idaho at 596, 768 P.2d at 1329; *Evans*, 112 Idaho at 401, 732 P.2d at 370; *Keller*, 105 Idaho at 671 P.2d at 1134.

In the case at hand, Robinson presented evidence that the landlord had previously made repairs to the carpet and the dormer door of the apartment. Although Robinson maintains this established the landlord had a duty to make general repairs to the premises, this does not equate

---

[1]    Under the open and obvious danger doctrine, an invitee assumed all normal, obvious, and ordinary risks attendant on the use of the premises and the owner was under no duty to reconstruct or alter the premises so as to obviate known or obvious dangers. *Alsup v. Saratoga Hotel*, 71 Idaho 229, 236, 229 P.2d 985, 989 (1951).

[2]    While the circumstances where a landlord could be liable to a third party may not exclusively be limited to those set forth in *Harrison*, the quoted passage makes clear that the duty of a landlord to third parties is not one of reasonable care under the circumstances. If it were, there would be no reason to delineate a very narrow set of circumstances illustrating how landlords could be liable.

5

to a duty to make the premises safe. The condition at issue here--a recessed dormer--was not subject to the type of repair or maintenance that Robinson contends the landlord was responsible for. Rather, it was a feature of the property. Robinson does not predicate her claim on the deficiency of any repair actually done by the landlord. Therefore, the landlord's repair of the carpet and door do not establish a duty owed to Robinson, nor do they create a genuine issue of material fact that would preclude summary judgment.

Likewise, the landlord did not owe a duty to warn Robinson. There is no dispute that Robinson was a social guest inside the tenant's apartment. While the tenant may have had a duty to warn Robinson of the dangers of the dormer, the landlord did not share in this duty. The landlord's duty to warn existed with respect to the tenant due to the tenant's status as an invitee. However, because Robinson was a social guest, her status on the premises was that of a licensee. Thus, the landlord's duty did not extend to her.

While Robinson relies upon *Stephens v. Stearns*, 106 Idaho 249, 678 P.2d 41 (1984), her reliance is misplaced. In that case, Stephens rented an apartment from Stearns. The apartment had an interior stairwell without a handrail. Stephens tripped down this stairwell and suffered injuries. Stearns moved for directed verdict and the district court granted the motion, concluding Stearns had not violated the common-law duty owed by a landlord to a tenant--that a landlord is generally not liable to the tenant for any damage resulting from dangerous conditions existing at the time of the leasing. On appeal, the Idaho Supreme Court examined the modern trend at the time, which was to impose a duty of reasonable care under the circumstances. The Court ultimately abandoned the common-law doctrine and adopted the rule that a landlord is under a duty to exercise reasonable care in light of all the circumstances.[3] Thus, *Stephens* addressed the duty of a landlord as owed to invitees. While Robinson contends this case effectively abolished the general distinction of invitees, licensees, and trespassers in the context of residential rented properties, we do not read *Stephens* so broadly. *Stephens* specifically addressed the relationship of a landlord and tenant and its holding is limited to that precise context. *See Stevens v. Fleming*,

---

[3]     This holding contained the following footnote: "Our embracement of this rule is further supported by our legislature's enactment of a statutory version of the implied warranty of habitability, I.C. § 6-320." *Stephens*, 108 Idaho at 258 n.3, 678 P.2d at 50 n.3. This further exemplifies intent of the Court there to address situations involving the duty a landlord owes a tenant.

116 Idaho 523, 525, 777 P.2d 1196, 1198 (1989) ("landlord is required to exercise reasonable care *to his tenants* in light of all the circumstances" (emphasis added)).

In the context at issue in this case--as between a tenant's social guest and the landlord--the landlord owes a duty only to the extent that, if the landlord voluntarily undertakes repairs on the premises, the landlord must exercise reasonable care in performing such repairs. However, the tenant essentially occupies the position of landowner with respect to guests of the tenant. This is because the tenant is the individual in control of the premises during the lease and the tenant has control over the guests hosted in the apartment. There was no evidence the landlord undertook maintenance or repairs of the dormer with respect to any handrails. Thus, there was no duty owed to Robinson.[4]

## B.    General Duty of Care

Robinson also argues, under a balancing-of-the-harms approach, that every person has a duty to exercise reasonable care and that the landlord's duty should be extended under this approach. Mueller contends this approach is not appropriate in the instant matter. While Robinson has set forth a number of sound reasons why the duty of reasonable care owed by landlords to tenants might be extended to licensees, precedent from the Idaho Supreme Court discussed above indicates the contrary. We are not free to ignore this precedent. It is beyond the authority of this Court to expand or alter a doctrine on which the Idaho Supreme Court has spoken. Therefore, we decline Robinson's request to expand the duty of care owed by landlords to licensees.

## C.    Attorney Fees

Mueller argues she is entitled to attorney fees pursuant to I.C. § 12-121 and I.A.R. 41 on the basis that Robinson brought this appeal to second guess the trial court and, thus, is frivolous, unreasonable, and without foundation. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776

---

[4]    While the district court granted summary judgment on the ground that the landlord fulfilled her duty by warning the tenant, an appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990).

(Ct. App. 1995). However, this appeal presented issues of unresolved law and a good faith request to extend existing law. Therefore, attorney fees will not be awarded to Mueller under I.C. § 12-121. Costs are awarded to Mueller as the prevailing party.

## IV.

## CONCLUSION

The district court appropriately determined there was no genuine issue of material fact for trial. The landlord did not owe a duty to Robinson with respect to any railings, or lack thereof, on the dormer. We decline Robinson's request to expand the duty of care owed by landlords to licensees. Accordingly, the district court's grant of summary judgment in favor of Mueller is affirmed. Costs, but not attorney fees, are awarded to Mueller.

Judge LANSING and Judge GRATTON, **CONCUR.**