## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 43289

DAVID WAYNE STILES,

   Plaintiff-Appellant,

v.

WALTER A. AMUNDSON,

   Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)

Boise, June 2016 Term

2016 Opinion No. 75

Filed: July 7, 2016

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

The judgment of the district court is <u>affirmed</u>. Costs on appeal are <u>awarded</u> to respondent.

Johnson and Monteleone, L.L.P., Boise, and Giles Law Office, P.L.L.C., Boise, attorneys for appellant. Jason R. Monteleone argued.

Anderson, Julian & Hull, L.L.P., Boise, attorneys for respondent. Michael P. Stefanic argued.

_____

W. JONES, Justice.

### I. NATURE OF THE CASE

This appeal arises out of a premises liability action brought against Walter Amundson ("Walter"), the owner of a piece of property in Kuna, Idaho (the "Property"), by David Stiles ("Stiles"), a social guest of one of Walter's tenants. The district court dismissed the case on summary judgment, reasoning that: (1) Walter had neither a general duty of care nor a duty to warn with respect to Stiles; and (2) although Walter could be liable for any injury resulting from the negligent repair of the Property, Walter's repair was not the proximate cause of Stiles' injury. We now affirm.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Walter is the owner of the Property, which is located at 756 W. 4th Street, Kuna, Idaho. In June and July of 2011, Walter rented the Property to three tenants: Jon Sullivan ("Sullivan"), Wayne Jenkins ("Jenkins"), and Walter's son, Roger Amundson ("Roger"). Sometime in mid-

1

June 2011, Walter and Roger removed a bay window from the house located on the Property in order to install a garage door. The bay window was approximately eight feet long and four feet high. It weighed at least 200 pounds. After removing the bay window, Roger and Walter left it leaning against a white picket fence at the front of the Property. Walter then posted a listing on Craigslist.com in an attempt to sell the bay window. At some point after removing the bay window, one of the glass panes in the window was shattered. This left shards of glass protruding from the frame. Within two days of the window pane breaking, the bay window was moved from the picket fence in front of the Property to a cedar fence bordering a walkway along the side of the Property. The parties disagree as to who moved the window and whether or not Walter was aware that the window was broken and moved.

As of July 8, 2011, a piece of wood, which has been referred to at different times as a "stump," "branch," and "root," was lying on the ground in the walkway in the general proximity of the bay window. No party presented evidence as to how the stump got into the walkway or how long it had been there.

At approximately 1:00 A.M. on July 8, 2011, Stiles attended a social gathering at the Property. Walter was not present. Although Walter was generally aware that the tenants held social gatherings in the backyard of the Property from time to time, there is no evidence that Walter was notified on this particular instance. Roughly two hours later, while exiting through the walkway, Stiles tripped over the stump, fell forward, and severely lacerated his arm on the shards of glass protruding from the bay window.

On July 3, 2013, Stiles filed a complaint against Walter (the "Complaint"), alleging that: (1) Walter had known or should have known that a dangerous condition existed on the Property[1]; (2) Walter had either owed Stiles a general duty of care or a duty to warn; (3) Walter had neither remedied the dangerous condition nor warned Stiles, thus breaching his duty of care; and (4) Walter's breach of his duty of care was the actual and proximate cause of Stiles' injuries.

At a hearing on March 9, 2015, the district court dismissed the case on summary judgment. It reasoned that a landlord has no duty of care towards the social guests of his or her tenants, except where said landlord had carried out a negligent repair; and, while removing the bay window could be considered a repair, it was not the proximate cause of Stiles' injury. In

---

[1] It is evident from the facts of the case that there were two conditions, the broken window and the stump, which contributed to the injury.

coming to its decision, the district court expressly took all facts and inferences in favor of Stiles, including the fact that Walter had knowledge that the broken window had been moved beside the walkway.

### III. ISSUES ON APPEAL

1.  Did the district court err in holding that Walter did not owe a general duty of care to Stiles?

2.  Did the district court err in holding that Walter did not have a duty to warn Stiles of dangerous conditions existing on the Property?

3.  Did the district court err in holding that there was no issue of material fact as to whether Walter's repair of the Property was the cause of the harm to Stiles?

4.  Is Walter entitled to attorney's fees on appeal?

### IV. STANDARD OF REVIEW

> On appeal from the grant of a motion for summary judgment, this Court utilizes the same standard of review used by the district court originally ruling on the motion. Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). When considering whether the evidence in the record shows that there is no genuine issue of material fact, the trial court must liberally construe the facts, and draw all reasonable inferences, in favor of the nonmoving party.

*Golub v. Kirk-Hughes Dev., LLC*, 158 Idaho 73, 75–76, 343 P.3d 1080, 1082–83 (2015) (quoting *Conner v. Hodges*, 157 Idaho 19, 23, 333 P.3d 130, 134 (2014)).

### V. ANALYSIS

**A.      The district court did not err in holding that Walter did not owe a duty of care towards Stiles.[2]**

"The duty owed to a licensee is narrow. A landowner is only required to share with the licensee knowledge of dangerous conditions or activities on the land." *Ball v. City of Blackfoot*, 152 Idaho 673, 677, 273 P.3d 1266, 1270 (2012).[3] In different cases, Idaho Courts

---

[2] As a preliminary matter, there are no contested issues of fact that will affect whether or not Walter had a duty of care with respect to Stiles. Accordingly, the issue of Walter's duty of care was appropriately determined by the district court, and did not require a jury trial.

[3] Stiles argues on appeal that in *Stephens v. Stearns*, 106 Idaho 249, 258, 678 P.2d 41, 50 (1984), this Court abandoned the tripartite (invitee, licensee, trespasser) premises liability framework, and established a general duty of reasonable care for landowners/landlords with respect to all parties. A brief review of this Court's precedent since *Stephens* shows that this argument is without merit. *See e.g. Ball v. City of Blackfoot*, 152 Idaho 673, 677, 273 P.3d 1266, 1270 (2012) ("the duty of owners and possessors of land is determined by the status of the person injured on the land (i.e., whether the person is a [sic] invitee, licensee or trespasser).") (quoting *Holzheimer v. Johannesen*, 125 Idaho 397, 399–400, 871 P.2d 814, 816–17 (1994)) (internal citations omitted)); *see also Peterson v. Romine*, 131

3

expressed this duty to warn as one owed by an "owner" (*see Harrison v. Taylor*, 115 Idaho 588, 768 P.2d 1321 (1989*)*, a "landowner" (*see Ball*, 152 Idaho at 677, 273 P.3d at 1270), or a "possessor" (*see Holzheimer*, 125 Idaho at 399, 871 P.2d at 816). However, it is often true that the "owner" of a piece of property and the "possessor" of that property are not the same party. This raises the issue of who, between a landlord and a tenant, owes the relevant duty of care to a tenant's social guests.

This issue was recently addressed by the Idaho Court of Appeals in *Robinson v. Mueller*, 156 Idaho 237, 241, 322 P.3d 319, 323 (Ct. App. 2014). In that case, a tenant and a third party met at a local bar. *Id.* at 238, 322 P.3d at 320. The two shared drinks and returned to the tenant's apartment. *Id.* The tenant then opened a door that led out onto a window dormer in order to let some air into the apartment. *Id.* The dormer had no railings; a condition which the landlord had warned the tenant about earlier. *Id.* As the tenant's guest walked towards the doorway she tripped and rolled off of the dormer falling twelve feet to the ground. *Id.* The tenant's guest brought suit against the landlord for damages resulting from the fall. *Id.* The Court of Appeals held that the landlord was not liable to the social guest. *Id.* at 241, 322 P.3d at 323. It reasoned that:

> In the context at issue in this case—as between a tenant's social guest and the landlord—the landlord owes a duty only to the extent that, if the landlord voluntarily undertakes repairs on the premises, the landlord must exercise reasonable care in performing such repairs. However, the tenant essentially occupies the position of landowner with respect to guests of the tenant. This is because the tenant is the individual in control of the premises during the lease and the tenant has control over the guests hosted in the apartment.

*Id.* In coming to this conclusion, the Court of Appeals noted that "Idaho Courts have never directly addressed the issue of what duty a landlord owes the social guests of a tenant." *Id.* at 240, 322 P.3d at 322. However, "existing case law demonstrates it is the entity having control over the property that bears the burden of warning social guests and licensees of dangerous conditions on the property." *Id.* Specifically, the Court of Appeals discussed this Court's

---

Idaho 537, 540, 960 P.2d 1266, 1269 (1998) (plaintiff was a trespasser rather than an invitee and, accordingly, was not owed duty by the owners to keep the land in reasonably safe condition); *O'Guin v. Bingham County*, 139 Idaho 9, 14, 72 P.3d 849, 854 (2003) (same); *Rountree v. Boise Baseball, LLC*, 154 Idaho 167, 171, 296 P.3d 373, 377 (2013) (owners and operators of baseball stadiums owe invitees a duty to keep the premises in reasonably safe condition).

4

decision in *Harrison*, a case in which this Court abolished the open and obvious danger doctrine[4] and confirmed that owners and occupiers of land will be under a duty of ordinary care toward invitees who come upon their premises. 115 Idaho at 595–96, 768 P.2d at 1328–29. In *Harrison*, this Court stated that:

> a tenant or lessee, having control of the premises is deemed, so far as third parties are concerned, to be the owner, and in case of injury to third parties occasioned by the condition or use of the premises, the general rule is that the tenant or lessee may be liable for failure to keep the premises in repair.

*Id.* In its analysis in *Robinson,* the Court of Appeals put special emphasis on the above passage, noting that:

> This passage reveals. . . . [that] tenants are held responsible as if they were the owner with respect to third parties. . . . A landlord generally is not responsible for injuries to third persons in privity with the tenant which are caused by failure to keep or put the demised premises in good repair.

156 Idaho at 240, 322 P.3d at 322.

We now adopt the reasoning set forth by the Court of Appeals in *Robinson*. This Court's opinion in *Harrison* clearly establishes that tenants are liable to injured third parties, including the tenant's social guests, as if they were the owner of the property. This stands to reason, because the tenant, as the possessor of the property, is in the best position to eliminate dangers or to make those dangers known to third parties. Landlords, on the other hand, are not in a comparable position because they do not have possessory control over the land. Likewise, they do not have control over the guests hosted by the tenants, and they likely will not even be aware when a tenant's social guest is on the premises.

Further, landlords, who do not generally have unfettered access to the premises, cannot reasonably be expected to be aware of all potential hazards on the property while the tenancy is in effect, especially in the event that the tenant creates the hazard. It would create an unfair burden on landlords to give them a responsibility to warn social guests to whom they have no connection of dangers of which they have no way of learning.

The exception to this reasoning is where the landlord created the hazard him or herself. Accordingly, this Court has recognized an exception to the general rule as follows:

---

[4] Under the open and obvious danger doctrine, an invitee assumed all normal, obvious, and ordinary risks attendant on the use of the premises and the owner was under no duty to reconstruct or alter the premises so as to obviate known or obvious dangers. *Alsup v. Saratoga Hotel*, 71 Idaho 229, 236, 229 P.2d 985, 989 (1951).

Either a tenant, or a landlord, or both, may be liable to a third party for injuries resulting from negligent repairs or failure to repair. Even in the absence of a specific lease provision, and with no controlling statute requiring him to make repairs, if a landlord voluntarily undertakes repairs he is bound to use reasonable and ordinary care or skill in the execution of the work.

*Harrison*, 115 Idaho at 596, 768 P.2d at 1329.

**B.      The district court did not err when it held that there was no issue of material fact as to whether Walter's repair of the Property was the cause of the harm to Stiles.**

As noted above, this Court recognized in *Harrison* that where a landlord is negligent in voluntarily making "repairs" on a piece of property, that landlord will be liable for injuries arising out of any negligence in that repair. 115 Idaho at 596, 768 P.2d at 1329.

Black's Law Dictionary defines "repair," as "[t]o restore to a sound or good condition." *Repair*, Black's Law Dictionary (10th ed. 2014). In order to complete a repair (i.e. restore a piece of property to a sound good condition), the restoring party must not only fix the defective element of the property, but must leave the property itself in good condition. In other words, a "repair" includes the safe disposal of the by-products of the repair process. Accordingly, a landlord who attempts to repair a glass window and in doing so leaves jagged shards of glass on the floor will likely be liable for any injuries caused by that glass.

In this case however, even taking all facts and inferences in favor of Stiles, a reasonable jury could not find that Walter's repair was the proximate cause of the injury. The injury in this case was not caused by the repair itself, but rather was caused by a combination of the stump and the broken window. Neither the placement of the stump, which neither party has attempted to explain, nor moving the window from the front fence to the walkway, could reasonably be considered part of the repair. Accordingly, the district court did not err when it dismissed the case on summary judgment.

**C.      Walter's request for attorney's fees on appeal is denied.**

Attorney's fees on appeal under Idaho Code section 12-121 are appropriate where the appeal is "frivolous, unreasonable, and without foundation." In this instance both parties made arguments which were well-reasoned and had at least some precedential support. Attorney's fees on appeal are denied.

## VI. CONCLUSION

We hereby affirm the district court's summary judgment. Costs on appeal to Respondent.

Chief Justice J. JONES and Justices EISMANN, BURDICK and HORTON, concur.

6